UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CASE NO. 08-22566 |
| DEBRA BOWIE and<br>KENNETH BOWIE, ) | CHAPTER 7 |
| DEBTORS | |
| KAREN GARMARSH, CONSERVATOR<br>OF THE ESTATE OF WAYNE MUNSON<br>and | ADV. PRO. NO. 09-2026 |
| ANNE MARSHALL, CONSERVATOR OF<br>OF THE ESTATE OF VACHHANAK MAO, | ADV. PRO. NO. 09-2027 |
| PLAINTIFFS<br>v. | RE: ECF NO. 30 |
| DEBRA BOWIE and<br>KENNETH BOWIE, ) | |
| DEFENDANTS | |

APPEARANCES:

Peter M. Van Dyke, Esq.                     Counsel for Plaintiff
Eagan, Donohue, D'Occhio & Falsey, LLP
24 Arapahoe Road
West Hartford, CT 06107

Gregory F. Arcaro, Esq.                     Counsel for Defendant-Debtor
Brown, Paindiris & Scott, LLP
2252 Main Street
Glastonbury, CT 06033

**RULING ON DEFENDANT KENNETH BOWIE'S
MOTION FOR SUMMARY JUDGMENT**

DABROWSKI, ALBERT S., United States Bankruptcy Judge

## I.

## INTRODUCTION

Presently before the Court is the *Motion for Summary Judgment* (hereafter, the "

Motion"), ECF No. 30, filed by the Defendant, Kenneth Bowie (hereafter, the "Movant"),

seeking summary judgment, as to him, in both of the captioned adversary proceedings,

which seek determinations that certain debts are nondischargeable pursuant to Bankruptcy

Code §523(a)(4) and (6).[1]

For the reasons set forth hereinafter, the Motion is granted in part and denied in

part.

## II.

## JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over

the instant adversary proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives

its authority to hear and determine this proceeding on reference from the District Court

pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of

Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C.

§§ 157(b)(2)(I).

---

[1]  Although the Third Count of each Complaint refers to §523(a)(2),(4), and (6), the Court
considers any claims pursuant to §523(a)(2) to have been abandoned by the Plaintiffs.  Neither Plaintiff
has pursued any claim against the Movant under §523(a)(2) (fraud) and both Plaintiffs responded "N/A"
to Movant's requests for discovery pertaining to §523(a)(2).

**III.**

## BACKGROUND

Debra Bowie (hereinafter, "Debra") and the Movant (together, hereinafter, the "Debtors"), on December 30, 2008, filed a joint petition under Chapter 7 of the Bankruptcy Code. The Chapter 7 Trustee, on February 13, 2009, filed a report of no distribution, concluding that "there are no assets to administer for the benefit of creditors of this estate." Case ECF No. 21.[2] On April 8, 2009, the Debtors were granted a discharge. Case ECF No. 31. Karen Garmarsh, Conservator of the Estate of Wayne Munson and Anne Marshall, Conservator of the Estate of Vachhanak Mao (together, hereinafter, the "Plaintiffs"), on March 27, 2009, commenced the captioned adversary proceedings by filing three-count Complaints against the Debtors.[3]

The Complaints allege, *inter alia*, that Debra, in her capacity as conservator for Messrs. Munson and Mao (hereinafter, "Munson" and "Mao," respectively), transferred funds from their bank accounts to an account owned jointly by herself and the Movant. The First and Second Counts of each Complaint, which are solely against Debra, allege that she is liable to the Plaintiffs for statutory theft under Conn. Gen. Stat. §52-564 and for breach of fiduciary duty and that such debts are nondischargeable pursuant to §523(a)(2), (4) and (6).

---

[2] References herein to "Case ECF No." refer to docket entries in the Debtors' Chapter 7 bankruptcy case, Case No. 08-22566, and not to those in the adversary proceedings thereunder.

[3] The factual allegations and legal issues of both complaints are similar and both Plaintiffs are represented by the same counsel. The Court, on July 28, 2009, entered orders granting the Plaintiffs' Motions to Consolidate the captioned adversary proceedings under Adversary Proceeding No. 09-2026. (ECF No. 24.) References herein to "ECF No." refer to those of Adv. Proc. No. 09-2026, except where otherwise noted.

3

The Third Count, solely against the Movant, of each Complaint incorporates the

allegations of the preceding Counts and asserts:[4]

36.  At all relevant times, Defendant Kenneth Bowie knowingly received
     and concealed the money that Defendant Debra Bowie has stolen
     from Mr. [Munson / Mao] via said phone, Internet transfers, and
     checks in violation of C.G.S. §52-564.
37.  As a result of Defendant Kenneth Bowie's violations of C.G.S. §52-
     564, Mr. [Munson / Mao] has been and continues to be deprived of
     the possession and use of his money.
38.  The debt, as set forth above, is not dischargeable under 11 U.S.C.
     §§523(a)(2),(4) and (a)(6).[5]

(ECF No. 1 ¶¶36-38; see, also 09-2027 ECF No. 1 ¶¶32-34.)

The Movant, on January 30, 2010, filed the Motion, together with his memorandum

of law, Local Rule 56(a)1 Statement of undisputed facts and supporting exhibits (ECF Nos.

30-32), seeking summary judgment in his favor on the Third Count of each complaint. The

Plaintiffs filed a responsive memorandum objecting to the Motion (hereinafter, the

"Objection"), a Local Rule 56(a)2 Statement of disputed facts and more than 1600 pages

of exhibits (ECF Nos. 38-43, 46). The Movant filed a reply thereto (ECF No. 44).

## IV.

## DISCUSSION

### A.  Summary Judgment Standards

Fed.R.Civ.P. 56(c)(2), made applicable in bankruptcy proceedings by Fed. R.

Bankr.P. 7056, provides that summary judgment "should be rendered if the pleadings, the

---

[4]  The language of both complaints is identical except for the paragraph numbers and that the
complaint in Adv Proc. No. 09-2026 refers only to Munson, while that of Adv. Proc. No. 09-2027 refers
only to Mao.

[5]  See n.1, supra.

4

discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law."

It is well-established that "[i]n considering a motion for summary judgment, the court does

not decide questions of fact, but determines only whether, after resolving any ambiguities

and drawing all reasonable inferences in favor of the nonmovant, a genuine issue exists

for trial." *Cadle Co. v. DiFabio (In re DiFabio)*, 314 B.R. 281, 285 (Bankr. D.Conn. 2004);

*See, also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d

202 (1986); *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir.2009);

*Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir.2003).

## B. Disputed Facts

Plaintiffs seek to have their claims against the Movant held nondischargeable under

§523(a)(4) and (6), which provide:

(a) A discharge under section 727 . . . of this title does not discharge an
individual debtor from any debt –

. . .

(4) for fraud or defalcation while acting in a fiduciary capacity,
embezzlement, or larceny;

. . .

(6) for willful and malicious injury by the debtor to another entity or to
the property of another entity; . . .

11 U.S.C. §523. Plaintiffs seek relief against the Movant under §523(a)(4) solely on

grounds of larceny. They do not allege that the Movant was ever a fiduciary of Munson

or Mao, or that the Movant ever embezzled from them.

The Movant and the Plaintiffs, for purposes of the present Motion, do not dispute

that Debra Bowie stole money from Munson and Mao or that she deposited such stolen

5

money into the bank account she owned jointly with the Movant. The Plaintiffs do not claim

that the Movant himself ever took any money or other property from Munson or Mao; nor

do they allege that he ever helped Debra do so. Rather, the Plaintiffs contend that the

Movant violated Conn. Gen. Stat. §52-564 by knowingly and intentionally receiving and

concealing stolen funds in the joint account. The Movant denies that he had any

knowledge of such deposits or of the alleged thefts prior to March, 2008, and that he ever

had any intent to injure or defraud Munson or Mao.

"An issue of fact is genuine if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party. A fact is material if it might affect the outcome of

the suit under the governing law." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d at

137. Plaintiffs assert that the disputes as to the Movant's knowledge and intent present

genuine issues of material facts necessitating a denial of summary judgment.[6]

Disputed factual issues concerning the Movant's knowledge and intent are material

to the captioned adversary proceeding only if they would affect the outcome thereof.

> By its very terms, [Fed. R. Civ. P. 56(c)] provides that the mere existence of
> some alleged factual dispute between the parties will not defeat an otherwise
> properly supported motion for summary judgment; the requirement is that
> there be no *genuine* issue of *material* fact.
>      As to materiality, the substantive law will identify which facts are
> material. Only disputes over facts that might affect the outcome of the suit
> under the governing law will properly preclude the entry of summary
> judgment. Factual disputes that are irrelevant or unnecessary will not be
> counted. *See generally* 10A C. Wright, A. Miller, & M. Kane, *Federal Practice
> and Procedure* § 2725, pp. 93-95 (1983). . . . [I]t is the substantive law's

---

[6] Plaintiffs also assert, in their statement of disputed facts under D.Conn. L.Civ.R. 56a(2), that
Movant's conduct violated Conn. Gen. Stat. 52-564 and that the damages for such alleged violation
should include an award of attorney's fees and costs. Such assertions state conclusions of law and
pertain only to the underlying state-law claims. The relief sought in the captioned adversary proceedings
is a ruling on the dischargeability (not the validity or amount of damages, if any) of the underlying claims.

identification of which facts are critical and which facts are irrelevant that
governs.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-248.

If the Movant would be entitled to judgment in this proceeding as a matter of law
regardless of whether the disputed facts were ultimately determined in his favor or the
Plaintiffs', then such disputed facts are not material thereto. It is therefore essential that
the Court determine what substantive law governs the questions before it, and, whether,
in accordance therewith, the disputed facts might affect the outcome.

The applicable substantive law depends upon the particular issue presented. The
Plaintiffs' underlying claims assert that the Movant is liable to them for (treble) damages
because he "knowingly received and concealed" the stolen funds Debra deposited into
their joint bank account. A determination of the extent, if any, of such liability is a matter
of Connecticut state law, in accordance with which, one who "knowingly receives and
conceals" stolen property violates Conn. Gen. Stat. §52-564 and may be liable for treble
damages for civil statutory theft. Issues of the Movant's knowledge and intent are material
to a determination of any such state-law liability because they concern elements essential
to the underlying cause of action.

The Movant's liability to the Plaintiffs arising out of their state-law claims against
him, however, is not directly at issue in the captioned adversary proceedings.[7] Rather, the

_____

[7]   Movant argues that, until the underlying state-law issues are resolved, Plaintiffs have no
enforceable "claim" against him and he has no "debt" to them which may be excepted from discharge
under §523(a). Such argument is contrary to the broad construction given to both terms under the
Bankruptcy Code.

   [T]he meanings of "debt" and "claim" [are] coextensive. . . . A "claim" is a " right to
   payment, whether or not such right is reduced to judgment, liquidated, unliquidated,
   fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured,

7

Complaints herein seek, as to the Movant, a determination of the dischargeability of his

debts to the Plaintiffs, if any, on their claims against him. In ruling on the Motion for

Summary Judgment, therefore, the Court considers whether the disputed facts concerning

the Movant's knowledge and intent, are material to the dischargeability of the Plaintiffs'

claims under §523(a)(4) and (6) of the Bankruptcy Code.

## C.   "Larceny" under §523(a)(4)

Plaintiffs aver that Debra deposited stolen funds into the Debtors' joint bank

account; that the Movant must have known such funds were stolen; and that the Movant,

therefore, "knowingly receive[d] and conceale[d] stolen property" in violation of Conn. Gen.

Stat. §52-564.[8] Citing the Connecticut Supreme Court's holding that "[s]tatutory theft

under §52-564 is synonymous with *larceny under [Connecticut] General Statutes §53a-*

*119*," *Deming v. Nationwide Mut. Ins. Co.*, 279 Conn. 745, 771 (2006) (emphasis added),

Plaintiffs contend that a debt for statutory theft is nondischargeable under §523(a)(4) as

a debt for larceny.

Plaintiffs' argument, however, relies on the statutory definition of "larceny" under

---

or unsecured." As is apparent, Congress chose expansive language in both definitions
relevant to this case.

*Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 110 S.Ct. 2126, 2130) (1990)
(citations omitted); *see,also Johnson v. Home State Bank,* 501 U.S. 78, 85 n.5, 111 S.Ct. 2150, 2154
n.5 (1991).

   Not only is resolution of the Plaintiffs' state-law claims against the Movant not a prerequisite to
the determination of their dischargeability, but, unless such claims are held nondischargeable, the
Movant's liability thereon need not be determined at all;  if such claims are discharged, Plaintiffs will
receive no distribution thereon since the estate has no non-exempt assets available for distribution to
creditors. *See* Trustee's Report of No Distribution, Case ECF No. 21.

   [8]  Conn. Gen. Stat. §52-564, "Treble damages for theft," states:
      Any person who steals any property of another, *or knowingly receives and conceals
      stolen property*, shall pay the owner treble his damages.
*Id.* (emphasis added).

Connecticut law, which, like its civil statutory theft counterpart, specifically includes

"larceny by receiving stolen property." Conn. Gen. Stat. §53a-119(8).[9]  It is well-

established, however, that "larceny" in the context of Bankruptcy Code §523(a)(4) refers

to the more narrowly defined federal common law larceny. *In re Hendry*, 428 B.R. 68, 78

(Bankr. D.Del. 2010) ("In determining if a debt is the product of larceny, the Court is not

bound by state law definitions of larceny, but applies federal common law. . . .").

> [T]he fact that a state may expand the definition of larceny beyond the
> common law definition is not determinative of the question of dischargeability
> under § 523(a)(4). . . . To declare a debt nondischargeable on the basis of
> . . . a technical statutory larceny would be to allow states to place in the way
> of a debtor's fresh start § 523(a)(4) obstacles not contemplated with the
> provisions of the Bankruptcy Code.

*In re Shreve*, 386 B.R. 602, 605-606 (Bankr. W.D.Va. 2008) (citations and internal

quotation marks omitted).

> Larceny, for purposes of § 523(a)(4) is defined by reference to federal
> common law as "the fraudulent and wrongful taking and carrying away the
> property of another with intent to convert such property to the taker's use
> without the consent of the owner." The creditor must show that the debtor
> wrongfully took property *from it* with fraudulent intent.

*In re Marcou*, 209 B.R. 287, 293 (Bankr. E.D.N.Y. 1997) (citations omitted; emphasis

added); *see also, e.g.*, *In re Rivera*, 217 B.R. 379, 385 (Bankr. D.Conn. 1998) (same).

Unlike the state-law statutory definition, the federal common law definition of larceny

is limited to the initial taking of property from its rightful owner and does not include the

subsequent receipt, possession, or concealment of such stolen property. *Id.* Historically,

---

[9] Conn. Gen. Stat. §53a-119(8), "Receiving stolen property," states, in relevant part: "A person
is guilty of larceny by receiving stolen property if he receives, retains, or disposes of stolen property
knowing that it has probably been stolen or believing that it has probably been stolen . . . ."

it is the very absence of the latter offenses from the scope of common law larceny that led
to the creation of a separate statutory offense therefor.    *See* 3 Wayne R. LaFave,
*Substantive Criminal Law* §20.2 (2d ed.) (briefly chronicling the history and evolution of
statutes enacted in England and the United States since 1692 to establish receiving stolen
property, which is outside the scope of common law larceny, as a separate statutory
offense).

        The disputed facts concerning the Movant's knowledge and intent are not material
to the determination of the dischargeability of the Plaintiffs' claims against him as debts
for larceny under §523(a)(4).  Notwithstanding the Movant's knowledge or intent, the
Plaintiffs' claims against him for receiving stolen property do not fall within the federal
common law definition of larceny.   Thus, such claims are not excepted from the Movant's
discharge as debts for larceny under §523(a)(4).

## D.    "Willful and Malicious Injury" under §523(a)(6)

        Movant has filed affidavits from himself and Debra denying that the Movant had any
knowledge, prior to September, 2008, that Debra had stolen money from Munson and Mao
and deposited some of it into the Debtors' joint bank account; and that, prior to Debra's
hospitalization in March, 2008, she had handled all of the family's finances.  Movant's
affidavit further stated that he had not seen the Debtors' bank and credit card statements
prior to March, 2008; that it was at that time that he first discovered that Debra had a
problem with overspending; and that he tried to separate their finances by opening his own
bank account.

        Plaintiffs have provided copies of the Debtors' monthly bank statements and

10

contend that:

> As one of the joint owners of these accounts, Kenneth Bowie had legal
> access to the bank statements for these joint accounts on a monthly basis
> . . ., regardless of whether or not he chose to access the bank statements.
> As one of the joint owners. . ., Kenneth Bowie had constructive knowledge
> that money was being transferred into his joint accounts from a bank account
> that he did not have an interest in.

Objection, ECF No. 38-1 at 5 (citations to supporting documents omitted). Plaintiffs also

argue that the Debtors' assets and expenditures indicate that they "were spending well

above their means." *Id.* at 7.

As an initial matter, the Court notes that Plaintiffs' argument for nondischargeability

under §523(a)(6) relies upon case law that predated and has since been superseded by

the decision of the United States Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 61,

118 S. Ct. 974 (1998). Plaintiffs, in their Objection, argue that:

> For purposes of 11 U.S.C. §523(a)(6), any debt which arises from conduct
> which is willful and malicious will not be discharged. . . . Willful conduct is
> that which is deliberate, intentional, and voluntarily undertaken by the
> debtor, and which is sufficient to cause the wrongful act. . . . As for the
> element of malice,. . . [i]t is not necessary . . . that the debtor intended to
> harm the victim. . . . [A]ny unlawful conduct which gives rise to a debt is
> considered to be malicious. . . .[B]ecause there is adequate circumstantial
> evidence for a rational trier of fact to conclude that Kenneth Bowie
> intentionally violated C.G.S. §52-564, both the willful and malicious
> requirements of 11 U.S.C. §523(a)(6) are satisfied.

Objection, ECF No. 38-1 at 8-9. Such arguments were expressly rejected in *Geiger*:

> The word "willful" in (a)(6) modifies the word "injury," indicating that
> nondischargeability takes a deliberate or intentional *injury*, not merely a
> deliberate or intentional *act* that leads to injury. . . . [The (a)(6) exception to
> discharge is analogous to] the category "intentional torts," as distinguished
> from negligent or reckless torts. Intentional torts generally require that the
> actor intend "*the consequences of an act,*" not simply the act itself.

*Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974 (1998). Similarly, "The *injury*

caused by the debtor must also be malicious. . . ." *Ball v. A.O. Smith Corp.*, 451 F.3d 66,

69 (2d Cir. 2006) (emphasis added).

Pursuant to *Geiger*, whether the Movant intended to cause injury to Munson or Mao

is an issue of fact that is material to the determination of the dischargeability of Plaintiffs'

claims against him. Because intent is often inferred from circumstances, rather than

proved directly, the Second Circuit has often stated that "summary judgment is generally

inappropriate where questions of intent and state of mind are implicated." Gelb v. Board

of Elections of City of New York, 224 F.3d 149, 157 (2d Cir. 2000) (citations omitted).

> [T]he court, on a motion for summary judgment, cannot try issues of fact but
> can only determine whether there are issues of fact to be tried; and, once
> having determined this affirmatively must leave those issues for
> determination at a trial. The problem besetting courts lies in defining what is
> or what is not an issue of material fact. . . . This case presents us with a
> situation where the so-called evidentiary facts- the underlying physical data-
> are not in dispute; but the inferences of fact to be drawn from them are
> disputed. . . .
> . . .
> The District Court must therefore take that view of the evidence most
> favorable to the opponent of the moving party, giving the opponent the
> benefit of all favorable inferences that may reasonably be drawn. If, when so
> viewed, reasonable men might reach different conclusions, the motion
> should be denied and the case tried on its merits. This admonition should
> especially be kept in mind when the inferences which the parties seek to have
> drawn deal with questions of motive, intent, and subjective feelings and
> reactions.

*Empire Electronics Co. v. U.S.*, 311 F.2d 175, 178 -181 (2d Cir. 1962) (citations and

internal quotation marks omitted).

In ruling on a motion for summary judgment, the Court must draw all reasonable

inferences in favor of the nonmovant. Plaintiffs have produced sufficient evidence of

circumstances from which a reasonable trier of fact, after an opportunity to evaluate the credibility of the parties, could infer that the Movant not only had knowledge of Debra's activities, but that he willfully and maliciously injured Munson and Mao. Accordingly, there are genuine issues of material fact as to the Movant's intent that preclude entry of summary judgment as to the dischargeability under §523(a)(6) of the Plaintiffs' claims against the Movant.

## V.

## CONCLUSION

The Motion for Summary Judgment that the Plaintiffs claims against the Movant are dischargeable is **GRANTED** in part and **DENIED** in part, as follows:

1) Because, in accordance with the discussion in Part IV.C., *supra*, the Court concludes that such claims are not excepted from discharge as debts for "larceny," the Motion is **GRANTED** as to §523(a)(4); and

2) Because, in accordance with the discussion in Part IV.D., *supra*, the Court finds that there are genuine issues of material fact precluding the entry of summary judgment as to whether such claims are excepted from discharge as debts for "willful and malicious injury," the Motion is **DENIED** as to §523(a)(6).

A Separate Order shall enter in accordance herewith.

Dated: October 25, 2010                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge

13